**Janie A. ORTIZ, Plaintiff—Appellant,**

**v.**

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

**No. 04–15476.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.[*]

Decided Aug. 15, 2005.

James Hunt Miller, Esq., Oakland, CA, for Plaintiff–Appellant.

Mark Win Fax, SSA–Social Security Administration Office of the General Counsel,

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

San Francisco, CA, for Defendant–Appellee.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

### MEMORANDUM **

Janie A. Ortiz appeals the district court's order affirming the Commissioner of Social Security's ("Commissioner") determination that she was not disabled, and therefore ineligible for benefits under Title XVI of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order affirming the Commissioner's denial of benefits, *see Morgan v. Apfel*, 169 F.3d 595, 599 (9th Cir.1999), and we affirm.

■ The ALJ's finding that Ortiz was not disabled is supported by substantial evidence in the record. Contrary to Ortiz's contention, the ALJ provided "specific and legitimate reasons" for rejecting several opinions of Ortiz's treating physicians, including inconsistencies between their treatment notes and their conclusions. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.2001).

■ Substantial evidence also supports the Administrative Law Judge's ("ALJ") finding that Ortiz was not credible because Ortiz's testimony regarding the severity of her wrist and back pain was not mentioned with any frequency in the treating medical records, she received very little treatment for these complaints, she reported to Dr. Vaughan that she had gone out dancing,

and her medication was working without side-effects. 20 C.F.R. § 404.1529(c)(2); *Rollins*, 261 F.3d at 857 ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Ortiz's remaining contentions, including her contentions that the ALJ improperly rejected the opinions of medical experts, erroneously disregarded Ortiz's lay evidence, and failed to consider all of Ortiz's impairments when evaluating her claim, are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

